the taxpayer to reduce its book inventory at December 31, 1920, in the amount of $50,571.17. The Commissioner has refused to allow this reduction on the ground that it has not been substantiated by affirmative evidence and that the reduction due to obsolescence and depreciation in the value of stock was not warranted by the provisions of articles 1581–1585 of Regulations 45 (1920 edition) as amended by T. D. 3296.

Section 203 of the Revenue Act of 1918 provides:

That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

After a careful examination of the evidence submitted we are of the opinion that the taxpayer has substantiated its claim for its reduction of inventories, as prayed for. The record shows that the taxpayer carefully inventoried its stock and material. It has presented catalogues and detailed inventories showing the stoves which it has ceased to manufacture, and the stock on hand, carefully enumerated by name and number. It has shown the cost of the stoves and castings and the current reproduction cost of the parts retained, and has presented uncontroverted testimony of the current reproduction cost. The testimony shows that there was an actual physical inventory which was later checked by a reputable firm of certified public accountants, and still later the inventory, with slight adjustments, was accepted by a revenue agent. In fact, everything was done that could reasonably be expected to show that the reduction was bona fide and reflected true conditions for the year ending December 31, 1920.

The testimony and the documentary evidence submitted are, we believe, sufficient to substantiate the claim of the taxpayer.

---

## Appeal of ELECTRICAL SUPPLY CO.        Docket No. 710.

Profits of a corporate taxpayer distributed to so-called stockholders' surplus accounts, and subject to withdrawal by stockholders, are a corporate liability, and for Federal income tax purposes may not be included as elements of invested capital.

Submitted February 5, 1925; decided February 28, 1925.

*Morris D. Kopple, Esq.*, for the taxpayer.
*A. H. Fast, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, and LITTLETON.

At the hearing of this appeal a stipulation was filed and the taxpayer offered in evidence an income-tax memorandum, the Commis-

sioner's deficiency letter, and the report of a revenue agent, dated September 13, 1922. From the stipulation and the documentary evidence the Board makes the following

### FINDINGS OF FACT.

The taxpayer, incorporated under the laws of Wisconsin on March 10, 1907, is an electrical contractor and dealer in electrical supplies, with its principal place of business in Madison, Wis. Its issued capital stock, having a par value of $5,000, was all owned during the years in question by L. W. Burch, Mrs. L. W. Burch, and A. L. Payne.

No dividends out of profits have ever been paid or declared by formal corporate action. At the end of each fiscal year the taxpayer distributes its entire net earnings to the personal accounts of its stockholders on its books of account in proportion to their stockholdings, and styles such personal accounts " stockholders' or individual surplus accounts." The several stockholders have the right to and did draw against such surplus accounts for funds for personal use, and also to pay into the same amounts obtained by them from sources not connected with the operation of the taxpayer's business. The totals of such surplus accounts, so far as the evidence disclosed, were as follows: February 28, 1916, $21,080.75; February 28, 1917, $27,903.25; February 28, 1918. $31,815.45.

In computing its invested capital for Federal income tax purposes the taxpayer included the sums credited to the surplus accounts of its stockholders. Upon audit of the taxpayer's income-tax returns for the years 1917, 1918, 1919, 1920, and 1921, the Commissioner disallowed the amounts credited to shareholders' surplus accounts as invested capital. Such disallowances resulted in additional tax liability of $359.89 for the year 1919, with a penalty for the same year of $89.97 and of $64.69 for the year 1921. The audit also disclosed overassessments of $62.78 for 1917 and $368.02 for the year 1918. By applying such overassessments, amounting to $430.80, to additional tax liability, the Commissioner determined a net deficiency of $83.75 in the tax liability of the taxpayer and so notified it in a deficiency letter dated October 11, 1924.

### DECISION.

The determination of the Commissioner is approved.

---

### Appeal of JAMESTOWN WORSTED MILLS.     Docket No. 92.

1. The New York State franchise tax accrues on November 1 and the Federal capital stock tax on July 1 of each year.
2. Compensation paid by a corporate taxpayer to its officers in the year 1919 allowed.

Submitted November 6, 1924; decided February 28, 1925.

*J. J. Miller*, C. P. A., and *H. A. Mihills*, C. P. A., for the taxpayer.
*A. Calder Mackay, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.